Citation Nr: 1331556 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 08-10 179 ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California

THE ISSUES

1. Entitlement to service connection for residuals of a head injury, including include headaches, memory loss, and traumatic brain injury as secondary to a service-connected nasal fracture.

2. Entitlement to service connection for posttraumatic stress disorder (PTSD).

3. Entitlement to service connection for arthritis/fibromyalgia due to radiation and herbicide exposure and as secondary to service-connected eczema.

REPRESENTATION

Veteran represented by: California Department of Veterans Affairs

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

A. Larson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1961 to January 1965.

This appeal to the Board of Veterans' Appeals (Board) is from an October 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

In September 2010, in support of his claims, the Veteran testified at a hearing at the RO before a Veterans Law Judge of the Board (Travel Board hearing). That presiding judge subsequently remanded the claims in February 2011 for further development. That presiding judge since has retired from the Board, however, and the Veteran has indicated he wants another hearing, so the Board is again remanding these claims to the RO via the Appeals Management Center (AMC) in Washington, DC, to schedule this additional hearing.


REMAND

The judge that presided over the Veteran's September 2010 Travel Board hearing is no longer employed at the Board, since having retired. Consequently, the Board notified the Veteran of this by way of a letter dated in August 2013 and indicated he resultantly had the right to have another hearing before a different Veterans Law Judge of the Board that will ultimately decide this appeal. 38 C.F.R. § 20.717 (2013). The Veteran responded in September 2013 in the affirmative, indicating he wants another hearing before the Board, albeit this time a videoconference hearing. 38 C.F.R. § 20.700(e). He has not been provided this additional hearing, however, and must be before deciding his appeal. 38 U.S.C.A. § 7107 (West 2002); 38 C.F.R. §§ 19.75, 19.76, 20.700(a), 20.703, 20.704 (2013).


Accordingly, these claims are again REMANDED for the following action:

Schedule a videoconference hearing before the Board at the earliest opportunity. Notify the Veteran and his representative of the date, time, and location of this additional hearing. Put a copy of this notification letter in the claims file. If the Veteran fails to report for this additional hearing, or changes his mind and elects not to have it, also document this in the file. Then return the file to the Board for further appellate consideration of the claims.

The Veteran has the right to submit additional evidence and argument concerning these claims the Board is remanding. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).




_________________________________________________
Keith W. Allen
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).